UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LYNDALE R IVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00242-JPH-DLP |
| ) | |
| GREENE COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER SCREENING THE AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Lyndale Ivy, an inmate at Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. On May 14, 2020, the Court issued an Order dismissing the complaint for failure to state a claim upon which relief may be granted and provided Mr. Ivy with an opportunity to file an amended complaint. Dkt. 9.

On May 26, 2020, Mr. Ivy filed an amended complaint. For the reasons explained below, the amended complaint also fails to state a claim upon which relief may be granted, but Mr. Ivy will be given the opportunity to conduct discovery and file a viable amended complaint.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

1

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE AMENDED COMPLAINT

The amended complaint names the following defendants: Greene County Sheriff's Department, Unknown Greene County Deputy Sheriff, and Unknown Greene County Jailer.

The amended complaint alleges that while Mr. Ivy was in the temporary custody of the Greene County Sheriff's Department in February 2020, Unknown Greene County Deputy Sheriff and Unknown Greene County Jailer used excessive force in the form of handcuffs that were too tight. The amended complaint also alleges that the unknown officers were deliberately indifferent to his protests about the handcuffs and refused to provide medical treatment for the injuries the handcuffs caused. When they returned him to Pendleton Correctional Facility and removed the handcuffs, the plaintiff's wrists were swollen and lacerated. He continues to experience numbness in his right thumb and index finger as a result. He also has physical manifestations of emotional trauma caused by these events including headaches, loss of appetite, and sleeping difficulties. The plaintiff seeks compensatory and punitive damages.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The use of restraints to inflict unnecessary pain on an inmate violates the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 737-38 (2002).

The claims against the Greene County Sheriff's Department are **dismissed**. The Sheriff's Department may only be sued when its actions violate the Constitution. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) to claim against Sheriff Department). To state a *Monell* claim, the plaintiff must allege that an action taken by the Sheriff's Department caused the deprivation of his federally secured rights. The Sheriff's Department "'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Id.* (citing *Bd. of the Cty. Commissioners v. Brown*, 520 U.S. 397, 403–04 (1997)). The amended complaint contains no allegations of a policy or custom to support claims against the Greene County Sheriff's Department.

The amended complaint states an Eighth Amendment claim against Unknown Greene County Deputy Sheriff and Unknown Greene County Jailer. Although each of these individuals is a "person" subject to suit under § 1983, bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Mr. Ivy will be permitted a period of time in which to conduct discovery to learn the identity of these persons and any other jail personnel who could be properly named as defendants in this action. This shall proceed as follows:

Mr. Ivy shall have 30 days in which to serve discovery on the Greene County Sheriff's Department, which has appeared by counsel in this case. Any such discovery shall be limited in scope to ascertaining the identity of any person who could be liable to Mr. Ivy for the violation of his Eighth Amendment rights.

Mr. Ivy shall have 60 days to file an amended complaint. The amended complaint must include: (1) a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (2) a demand for the relief sought; and (3) a description his injuries and the parties responsible.

Any amended complaint must have the proper case number, 2:20-cv-00242-JPH-DLP, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Ivy wishes to pursue in this action. If Mr. Ivy files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## IV.
## SUMMARY

Mr. Ivy shall have 60 days to conduct discovery for purposes of filing an amended complaint. Failure to file an amended complaint within this timeframe will result in the dismissal of the action without further warning.

The **clerk is directed** to send Mr. Ivy a copy of the Court's complaint form.

**SO ORDERED**.

Date: 7/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LYNDALE R IVY
5087
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Sheriff Michael Hassler
Greene County Sheriff's Department
204 70 E.
P.O. Box 267
Bloomfield, IN 47424

Daniel Mark Witte
TRAVELERS STAFF COUNSEL INDIANA
dwitte@travelers.com